RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
SHREVEPORT, LOUISIANA
DATE  5/25/16

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 16-00129 |
| | * | 18 U.S.C. § 2251(e) |
| | * | 18 U.S.C. § 2251(a) |
| VERSUS | * | 18 U.S.C. § 2252A(a)(5)(B) |
| | * | 18 U.S.C. § 2 |
| | * | |
| JAMES STACEY HARBER  (01) | * | JUDGE DRELL |
| ANGELA HEAD  (02) | * | MAGISTRATE JUDGE WHITEHURST |

## INDICTMENT

THE FEDERAL GRAND JURY CHARGES:

### COUNT 1
### Conspiracy to Produce Child Pornography
### [18 U.S.C. § 2251(e)]

Beginning on an unknown date, but reasonably near on or about the 17th day of July, 2010, and continuing until on or about the 8th day of December, 2013, in the Western District of Louisiana and elsewhere, the defendants, JAMES STACEY HARBER and ANGELA HEAD did knowingly and willfully conspire, confederate, and agree, together to sexually exploit children for the purpose of producing child pornography in violation of Title 18, United States Code, Section 2251, all in violation of Title 18, United States Code, Section 2251(e). [18 U.S.C. § 2251(e)].

### OVERT ACTS

In furtherance of the conspiracy and to affect the objects of the conspiracy, the United States incorporates the allegations set forth in Counts 2-9, as if fully stated herein, as overt acts of the conspiracy.

## COUNT 2
### Production of Child Pornography
### [18 U.S.C. §§ 2251(a) & 2]

On or about the 17th day of July, 2010, in the Western District of Louisiana, defendants, JAMES STACEY HARBER and ANGELA HEAD, aiding and abetting each other, did employ, use, persuade, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing child pornography as defined in Title 18, United States Code, Section 2256, knowing and having reason to know that said image of child pornography had traveled in interstate commerce, all in violation of Title 18, United States Code, Sections 2251(a) and 2. [18 U.S.C. §§ 2251(a) & 2].

## COUNT 3
### Production of Child Pornography
### [18 U.S.C. §§ 2251(a) & 2]

On or about the 27th day of July, 2010, in the Western District of Louisiana, defendants, JAMES STACEY HARBER and ANGELA HEAD, aiding and abetting each other, did employ, use, persuade, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing child pornography as defined in Title 18, United States Code, Section 2256, knowing and having reason to know that said image of child pornography had traveled in interstate commerce, all in violation of Title 18, United States Code, Sections 2251(a) and 2. [18 U.S.C. §§ 2251(a) & 2].

## COUNT 4
### Production of Child Pornography
### [18 U.S.C. §§ 2251(a) & 2]

On or about the 24th day of July, 2011, in the Western District of Louisiana, defendants, JAMES STACEY HARBER and ANGELA HEAD, aiding and abetting each other, did employ, use, persuade, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing child pornography as defined in Title 18, United States Code, Section 2256, knowing and having reason to know that said image of child pornography had traveled in interstate commerce, all in violation of Title 18, United States Code, Sections 2251(a) and 2. [18 U.S.C. §§ 2251(a) & 2].

## COUNT 5
### Production of Child Pornography
### [18 U.S.C. §§ 2251(a) & 2]

On or about the 17th day of December, 2011, in the Western District of Louisiana, defendants, JAMES STACEY HARBER and ANGELA HEAD, aiding and abetting each other, did employ, use, persuade, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing child pornography as defined in Title 18, United States Code, Section 2256, knowing and having reason to know that said image of child pornography had traveled in interstate commerce, all in violation of Title 18, United States Code, Sections 2251(a) and 2. [18 U.S.C. §§ 2251(a) & 2].

## COUNT 6
### Production of Child Pornography
### [18 U.S.C. §§ 2251(a) & 2]

On or about the 5th day of February, 2012, in the Western District of Louisiana, defendants, JAMES STACEY HARBER and ANGELA HEAD, aiding and abetting each other, did employ, use, persuade, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing child pornography as defined in Title 18, United States Code, Section 2256, knowing and having reason to know that said image of child pornography had traveled in interstate commerce, all in violation of Title 18, United States Code, Sections 2251(a) and 2. [18 U.S.C. §§ 2251(a) & 2].

## COUNT 7
### Production of Child Pornography
### [18 U.S.C. §§ 2251(a) & 2]

On or about the 13th day of June, 2013, in the Western District of Louisiana, defendants, JAMES STACEY HARBER and ANGELA HEAD, aiding and abetting each other, did employ, use, persuade, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing child pornography as defined in Title 18, United States Code, Section 2256, said image of child pornography had been produced using material that traveled in interstate commerce, all in violation of Title 18, United States Code, Sections 2251(a) and 2. [18 U.S.C. §§ 2251(a) & 2].

## COUNT 8
### Production of Child Pornography
### [18 U.S.C. §§ 2251(a) & 2]

On or about the 28th day of September, 2013, in the Western District of Louisiana, defendants, JAMES STACEY HARBER and ANGELA HEAD, aiding and abetting each other, did employ, use, persuade, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing child pornography as defined in Title 18, United States Code, Section 2256, said image of child pornography had been produced using material that traveled in interstate commerce, all in violation of Title 18, United States Code, Sections 2251(a) and 2. [18 U.S.C. §§ 2251(a) & 2].

## COUNT 9
### Production of Child Pornography
### [18 U.S.C. §§ 2251(a) & 2]

On or about the 8th day of December, 2013, in the Western District of Louisiana, defendants, JAMES STACEY HARBER and ANGELA HEAD, aiding and abetting each other, did employ, use, persuade, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing child pornography as defined in Title 18, United States Code, Section 2256, said image of child pornography had been produced using material that traveled in interstate commerce, all in violation of Title 18, United States Code, Sections 2251(a) and 2. [18 U.S.C. §§ 2251(a) & 2].

## COUNT 10
### Possession of Child Pornography
### 18 U.S.C. § 2252A(a)(5)(B)

On or about the 26th day of April, 2016, in the Western District of Louisiana, the defendants, JAMES STACEY HARBER and ANGELA HEAD, did knowingly possess a computer containing child pornography images and videos as defined in Title 18, United States Code, Section 2256, which had been transported in interstate and foreign commerce, all in violation of Title 18, United States Code, Section 2252A(a)(5)(B). [18 U.S.C. § 2252A(a)(5)(B)].

## FORFEITURE ALLEGATIONS AND NOTICE

1. The allegations contained in Counts 1 through 10 of this Indictment are herby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 2253.

2. Pursuant to Title 18, United States Code, Section 2253, upon conviction of an offense in violation of Title 18, United States Code, Sections 2251 and 2252A, the defendants, JAMES STACEY HARBER AND ANGELA HEAD, shall forfeit to the United States of America:

   a. Any visual depiction described in Title 18, United States Code, Sections 2252A(a)(5)(B) and (a)(1), or any book, magazine, periodical, film, videotape, or other mater which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Title 18, United States Code, Chapter 110;

b. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offenses; and

c. Any property, real or personal, used or intended to be used to commit or to promote the commission of the offenses.

The property to be forfeited includes, but is not limited to, the following:

a. An NZXT desktop computer, serial number C121158204614

b. A Toshiba laptop computer, serial number 7E186005P

c. A Cannon digital camera, serial number 1026143555

d. A Kindle Tablet, serial number B02416043093052N

e. A Hewlett-Packard Stream 7 Tablet, serial number CNU44693W7

f. Western Digital WD My Passport Ultra external hard drive, serial number WX81A745U8F4

g. Samsung Galaxy S6 cellular telephone, serial number R58GC0DK99H

h. Samsung Galaxy S4 cellular telephone, serial number RV1D54EJJ9T

i. HTC Cellular telephone, serial number HT12ES007858

j. 2 blackberry cellular telephones with unknown serial numbers

k. Amazon Fire Tablet, serial number 0092060643940258

l. Motorola Smart Watch

m. 9 SD memory cards, seized on April 26, 2016 by the Abbeville Police Department

n. 3 USB flash drives, seized on April 26, 2016 by the Abbeville Police Department

o. 71 compact disks, seized on April 26, 2016 by the Abbeville Police Department

If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value, or

    e.    has been commingled with other property which cannot be divided without difficulty,

The United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253 and by Title 28, United States Code, Section 2461(c).

A TRUE BILL:

*REDACTED*

FOREPERSON: FEDERAL GRAND JURY

STEPHANIE A. FINLEY
United States Attorney

_____
JOHN LUKE WALKER, La. Bar No. 18077
Assistant United States Attorney
800 Lafayette Street, Suite 2200
Lafayette, LA 70501
Telephone: (337) 262-6618